IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRELL PANKINS, | : |
| Defendant, | : |
| v. | : Criminal Action No. 22-42-CFC-1 |
| UNITED STATES OF AMERICA, | : |
| Plaintiff. | : |

**MEMORANDUM**

I.  **BACKGROUND**

On May 4, 2022, the Government filed a two-count Information charging Defendant Tyrell Pankins ("Defendant") with: (1) possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B); and (2) possession of firearms as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(d).  (D.I. 22)  Defendant pled guilty to those offenses on June 9, 2022.  (D.I. 29)  Thereafter, Probation filed a draft presentence investigation report ("PSR") on September 1, 2022 (D.I. 35); Probation filed three revised PSRs on August 23, 2023, October 13, 2022, and October 20, 2023, respectively (D.I. 51; D.I. 57; D.I. 60); Defendant filed his Sentencing Memorandum on October 9, 2023 (D.I. 56); and the Government filed its Sentencing Memorandum on October 16, 2023 (D.I. 58).  On October 20, 2023, the Court sentenced Defendant to 110 months on each Count, to run concurrently, followed by five years of supervised

release on Count One and three years of supervised release on Count Two, to run concurrently. (D.I. 61 at 2-3)

On October 25, 2023, Defendant filed a *pro se* document titled "Emergency Motion to Correct Sentence and to Appoint Counsel, Brought Pursuant to Rules 35(a) and 44(a) of the Federal Rules of Criminal Procedure." (D.I. 62) Defendant asserts that he was diagnosed with kidney cancer sometime after he entered his guilty plea, and that he informed the Court of this diagnosis "[b]y letter dated September 10, 2023" but, due to clear error and an oversight, the Court failed to consider the diagnosis when determining his sentence. (*Id.* at 2, 5) Defendant also contends that, "but for counsel's shortcomings – *i.e.*, his refusal to make a presentation based on Defendant's serious illness (an undeniably sentencing mitigation factor) – the Court may have imposed a considerably shorter term of imprisonment." (*Id.* at 5) Defendant concludes his argument by asserting that his sentence should be corrected and reduced because it resulted from "clear error." (*Id.*)

## II.   DISCUSSON

Federal Rule of Criminal Procedure 35(a) provides:

> **Correcting Clear Error.** Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

The time limit prescribed in this Rule is jurisdictional, and "does not apply to counsel's [or defendant's] motion. It is expressly in terms of the District Court's action." *United States v. Higgs*, 504 F.3d at 458-59 (3d Cir. 2007); *see also United States v. James*, 639 F. App'x 834, 836 (3d Cir. 2016) (holding that district court lacked jurisdiction to

deny defendant's Rule 35(a) motion on the merits because it ruled on the motion after the Rule 35(a) time limit had expired). Defendant was sentenced more than 14 days ago. Accordingly, the Court will dismiss Defendant's Rule 35(a) for lack of jurisdiction and will dismiss as moot his related request for appointment of counsel.[1]

Nevertheless, given Defendant's assertions concerning defense counsel's alleged failure to present the issue of his kidney cancer diagnosis during sentencing, the Court recognizes the possibility that Defendant may be attempting to assert an argument to vacate, modify, or correct his sentence under 28 U.S.C. § 2255. Consequently, the Court will direct the Clerk to send Defendant a standardized form

---

[1] Even if the Court had jurisdiction to consider the merits of Defendant's Rule 35(a) Motion, the Motion fails to provide a basis for correcting Defendant's sentence based on "clear error." Defendant contends the Court erred at sentencing by failing to consider his recent cancer diagnosis, and asserts he informed the Court of the diagnosis in a letter dated September 10, 2023. (D.I. 62 at 2) Contrary to Defendant's contention, no such letter was ever docketed in this case. The Court also notes that the Parties' Sentencing Memoranda and the two revised PSR's filed after the aforementioned September 10, 2023 letter do not include any information about Defendant's cancer diagnosis. In fact, ¶ 157 in both revised PSRs explicitly alleges:

> [Defendant] also stated that he feels indescribable pain 'all over' his abdomen but has not advised the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania about the issue. Medical records received from the FDC did not reflect any issues related to the defendant's abdominal pain or any other ongoing or chronic medical conditions.

(D.I. 57 at 25; D.I. 60 at 25-26) Finally, Defendant himself asserts that defense counsel did not present his cancer diagnosis to the Court. (D.I. 62 at 2)

In short, this record demonstrates that the Court was not presented with information concerning Defendant's cancer diagnosis. Accordingly, Defendant's allegation that the Court failed to consider information previously presented is factually baseless and defeats his attempt to establish that his sentence was based on a "clear error."

motion to vacate pursuant to 28 U.S.C. § 2255 in order to provide Defendant an opportunity to pursue relief on his current arguments, if he so wishes.[2]

An appropriate Order consistent with this Memorandum will be entered.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Defendant's Rule 35(a) Motion for lack of jurisdiction and his related requested for the appointment of counsel as moot. The Court will instruct the Clerk of the Court to send Defendant a standardized form motion to vacate pursuant to 28 U.S.C. § 2255 for his use in bringing his current argument(s) under that authority, should he wish to do so. The Court will issue an Order consistent with this Memorandum.

Dated: December 12, 2023

Colm F. Connolly
Chief Judge

---

[2]Defendant's Plea Agreement contains a waiver of collateral rights severely limiting the circumstances in which Defendant can pursue collateral relief. (D.I. 29 at ¶ 13) The Court's instruction for the Clerk to provide a § 2255 form is not intended to indicate a conclusion that Defendant's instant contention falls within the very limited circumstances in which Defendant may pursue collateral relief, nor should it be viewed as issuing an opinion on the merits of any such attempt.

4